FILED
Mar 01 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ CharityW DEPUTY

Courtney L. Baird (SBN 234410)
Jason Dang (SBN 307841)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: 619 744 2200
Facsimile: 619 744 2201
E-mail: clbaird@duanemorris.com
jdang@duanemorris.com

Attorneys for Defendants
PRINSTON PHARMACEUTICAL INC. and
SOLCO HEALTHCARE U.S., LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CARRIE COLLINS, an individual; on behalf of herself and all others similarly situated,

Plaintiffs,

v.

PRINSTON PHARMACEUTICAL INC., dba SOLCO HEALTHCARE LLC; SOLCO HEALTHCARE U.S., LLC,

Defendants.

Case No.: '19CV0415 LAB AGS

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, 1453 (DIVERSITY JURISDICTION – CAFA)**

Complaint Filed: December 12, 2018

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendants Prinston Pharmaceutical, Inc. ("Prinston"), and Solco Healthcare U.S., LLC[1] ("Solco"; collectively, "Defendants") hereby remove San Diego County Superior Court Case No. 37-2018-00063224-CU-BT-CTL to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").

## I. PROCEDURAL HISTORY AND VENUE

1. On December 12, 2018, Plaintiff Carrie Collins filed a class action complaint in the San Diego Superior Court against Defendants and Does 1 through 10.

2. The Complaint was served on Defendants on or about February 21, 2019. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) (notice of removal shall be filed within 30 days of service of the initial pleading, or within 30 days after the service of summons).

3. This Notice of Removal is also timely under 28 U.S.C. § 1446(b), as it is being filed within one (1) year of the commencement of this action.

4. The Complaint, along with all other process, pleadings, and orders served on Defendants (listed below) are attached hereto.

| **Attachment No.** | **Document** |
|---|---|
| Attachment 1 | Summons to both Prinston and Solco |
| Attachment 2 | Complaint |
| Attachment 3 | Civil Case Cover Sheet |

///

[1] Plaintiff incorrectly characterizes Prinston as an entity which operates under the fictitious business name "SOLCO HEALTHCARE LLC." That is incorrect. For clarification, Solco is Prinston's marketing and distribution affiliate and a wholly owned subsidiary of Prinston. The two are distinct entities incorporated in Delaware with principal places of business in Cranbury, New Jersey.

5. The San Diego Superior Court is located within the Southern District of California. *See* 28 U.S.C. § 84(d). Thus, venue is proper in the Southern District of California. *See* 28 U.S.C. § 1441(a).

6. The defendants designated as Does 1 through 10 are fictitious defendants, are not parties to the action, have not been served, and are properly disregarded for the purposes of removal. 28 U.S.C. § 1441(a); *McCabe v. Gen Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

## II. GROUNDS FOR REMOVAL

7. This Court has subject matter jurisdiction over Plaintiff's claims under the Class Action Fairness Act ("CAFA").

8. Under CAFA, federal district courts have original jurisdiction over class actions in which (1) the number of putative class members exceeds 100, (2) the amount in controversy exceeds $5,000,000, and (3) where any proposed class member and any defendant are citizens of different states. 28 U.S.C. § 1332(d). This class action satisfies each of these requirements.

9. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

10. Plaintiffs' Complaint asserts a class action pursuant to Code of Civil Procedure section 382. Attachment 2, Compl. ¶ 19.

### A. There are More than 100 Putative Class Members.

11. Collins' putative class includes "All persons or entities who purchased or used Defendants' contaminated Valsartan in California." *See* Compl. ¶ 17.

12. Collins does not appear to know exactly how large the class is, noting "[t]he precise number . . . will be known to Plaintiff through discovery." *Id.* ¶ 20. However, Collins alleges the members of the putative class "are so numerous that their individual joinder is impracticable." *Id.*

13. During the relevant time period, Defendants recalled all lots of their Valsartan bearing an expiration date from July 2018 through January 2020. Defendant Solco distributes Valsartan through a nationwide network with numerous distributors, including retail drug store chains, which purchase Valsartan for resale. Defendants review of its files show that during the relevant time period, purchasers and users of Defendants' Valsartan in California number, at a minimum, in the thousands, and perhaps more.

**B. There is Minimal Diversity.**

14. Collins is a resident of the County of San Diego. Compl. ¶ 6. CAFA's minimal diversity requirement is satisfied if any defendant is a citizen of a state other than California. 28 U.S.C. § 1332(d)(2)(A). A corporation is a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

15. Defendant Prinston Pharmaceutical Inc. is organized under the laws of the State of Delaware with its principal place of business in Cranbury, New Jersey.

16. Defendant Solco Healthcare U.S., LLC is organized under the laws of the State of Delaware with its principal place of business in Cranbury, New Jersey.

17. Because Defendants are citizens of Delaware and New Jersey, and Collins is a citizen of California, this case satisfies CAFA's minimal diversity requirement. *See* 28 U.S.C. § 1332(d)(2)(A).

**C. The Amount in Controversy Exceeds $5,000,000.00.**

18. When assessing the amount in controversy, the court must assume that the allegations of the complaint are true and that a jury will return a complete verdict in favor of the plaintiffs. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (*citing Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)); *see also* 28 U.S.C. § 1332(d). Consequently, "a removing defendant is *not* obligated to research, state, and prove

///

plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (E.D. Cal. 2010) (emphasis in original).

19. Moreover, a notice of removal "need not contain evidentiary submissions," but merely a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551, 554 (2014); *see also* 28 U.S.C. § 1446(a) (notice of removal need only contain a "short and plain statement of the grounds for removal").

20. Here, Collins seeks compensatory damages, penalties (including penalties of up to two times the amount of damages), restitution, disgorgement, and punitive damages on behalf of all individuals who purchased or used the subject Valsartan at any time. Among other damages, Collins seeks on her own behalf and on behalf of the putative class "the cost of medication," "the cost of replacement," and all "medical expenses associated with the defective medication." Complaint ¶ 39. Collins additionally seeks attorneys' fees. The Ninth Circuit utilizes a benchmark rate of 25 percent of damages in reviewing requests for attorney fees. *See Paul Johnson, Alson & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *Rodriguez v. Cleansource, Inc.*, 2014 WL 3818304 at *4 (S.D. Cal. Aug. 4, 2014).

21. Collins does not allege an amount in controversy and Defendants deny that Collins or any of the putative class members are entitled to any damages, penalties, or other relief. However, because the number of individuals or others who purchased or used Valsartan in California numbers at least in the thousands, and because of the kinds and range of damages sought, the amount-in-controversy exceeds $5,000,000.00.

///

///

///

///

///

22. Counsel for Defendants certify that in accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon Plaintiff's counsel and filed forthwith with the clerk of the San Diego County Superior Court.

Dated: March 1, 2019

**DUANE MORRIS LLP**

s/ Courtney L. Baird
Courtney L. Baird
Jason Dang

Attorneys for Defendants
PRINSTON PHARMACEUTICAL INC., and SOLCO HEALTHCARE U.S., LLC

**PROOF OF SERVICE**

I am employed in San Diego County, State of California. I am over the age of eighteen (18) and not a party to this action; my business address is 750 B Street, Suite 2900, San Diego, California 92101.

On March 1, 2019, I served the following document(s) entitled:

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, 1453 (DIVERSITY JURISDICTION – CAFA)** on interested party(ies) in this action by placing true copies thereof enclosed in a sealed envelope addresses as stated below:

**SEE ATTACHED SERVICE LIST**

☒ **(BY MAIL)** On **March 1, 2019** I placed such envelope for collection, deposit and mailing with the United States Postal Service following ordinary business practices at my place of business. I am readily familiar with the business practice of my place of business for the collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. I am aware that, on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed **March 1, 2019** at San Diego, California.

Ashley Munyon

**SERVICE LIST**

Joshua H. Haffner, Esq.
Graham G. Lambert, Esq.
Michael K. Teiman, Esq.
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2325
Los Angeles, California 90071
Email: jhh@haffnerlawyers.com
gl@haffnerlawyers.com
mt@haffnerlawyers.com

Jimmy Hanaie, Esq.
**LEGALCLEAR**
8306 Wilshire Blvd., #5007
Beverly Hills, California 90211
Email: leaal@legalclear.com

Alexander Larian, Esq,
**LARIAN LAW FIRM**
8306 Wilshire Blvd., #2058
Beverly Hills, California 90211
Email: alarian@larianlaw.corn

*Attorneys for Plaintiff Carrie Collins,*
and all others similarly situated